810

19786. Stevens Engraving Company v. Dukehart.

Jenkins, P. J. 1. "Generally, the delivery of goods is essential to the perfection of a sale. The intention of the parties to a contract may dispense therewith; delivery need not be actual; constructive delivery may be inferred from a variety of facts." Civil Code (1910), § 4125. Thus, where a customer employed an engraver to make a plate for the purpose of engraving certain cards, and to print or engrave therefrom a certain number of cards, and paid the charges, both for making the plate and printing the cards, an inference would be authorized that it was the intention of the parties that actual delivery of the plate to the customer should be dispensed with, and that the title thereto passed to him upon payment of the purchase-price. But such an inference would not be authorized if there was an express agreement to the contrary, or an implied agreement arising by reason of a custom of the trade of such universal practice as to justify the conclusion that it became, by implication, a part of the contract, to the effect that in such cases title to the plate made by the engraver should not pass to the customer, but the plate should be retained by the engraver for use in filling future orders. Civil Code (1910), § 1(4).

2. In the instant case there was no evidence establishing an express agreement between the parties with reference to the delivery or transmission of title to the plate, the testimony on behalf of the plaintiff being that he placed the order with the defendant after being informed of the cost of cutting the plate and printing the cards, and that a second order would not cost as much "because you will have the plate," but that nothing was said about delivery of the plate. The evidence was in dispute as to whether there existed such an universal custom among engravers to retain engraving plates made by them for customers. Since there was no proof of an express agreement to dispense with delivery of the property, and since, therefore, the right of the plaintiff to maintain his action in trover was dependent upon his establishing title to the property, which had not actually been delivered to him, by proof of circumstances showing an intention of the parties to dispense with delivery, it was error for the trial judge in the municipal court to charge the jury that such a custom would "not be binding or of any effect where there is an express contract containing the agreement between the parties." While such a charge stated correctly a general principle of law, it was not applicable to the facts of the instant case, and was calculated to confuse the jury, in view of the previous charge of the court (also excepted to), in stating the contentions of the parties, that the "plaintiff says that he placed an order with the defendant whereby he was to secure certain business cards and that in placing this order he had an agreement with the defendant that he was to secure a certain plate which was to be manufactured by the defendant; that the plate was to be, upon payment therefor, his property." These instructions not only submitted to the jury a principle of law not applicable to the facts of the case, but did so in connection with an erroneous statement by the court as to the plaintiff's contention,

which, had it been correct, would have rendered the principle of law applicable as against the interests of the defendant.

3. Under the foregoing rulings, the judge of the superior court erred in overruling the certiorari.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 25, 1930.

*W. O. Wilson,* for plaintiff in error. *Mitchell & Reiniger,* contra.